USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CENTURY JETS AVIATION, LLC
and AC AVIATION SERVICES, LLC,

                Plaintiffs,

- against -

ALCHEMIST JET AIR, LLC,

                Defendant.

---

ALCHEMIST JET AIR, LLC,

                Plaintiff,

- against -

CENTURY JETS AVIATION, LLC,
24TH CENTURY INC., CHARLES
SONSON, and REGINA KELLY,

                Defendants.

---

**MEMORANDUM ORDER**

08 Civ. 9892 (PKL)(KNF)

09 Civ. 7659 (PKL)(KNF)

**LEISURE, District Judge**:

    Entwistle & Cappucci LLP ("E & C") and Gaido & Fintzen ("G & F"), counsel for Alchemist Jet Air, LLC ("Alchemist"), move for leave to withdraw as counsel in the above-captioned related actions pursuant to Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 1.4"). In addition, E & C and G & F ask the Court to grant the following conditions: (1) Alchemist shall retain substitute counsel within fifteen

1

days; (2) Alchemist shall accept service by mail at its corporate headquarters in Illinois until such time as it secures substitute counsel; and (3) the parties shall commit to a firm schedule for the litigation going forward. For the reasons stated below, E & C's and G & F's motion for leave to withdraw as counsel for Alchemist and their proposed conditions (2) and (3) are GRANTED while their proposed condition (1) is GRANTED AS AMENDED to thirty days.

## Background

### I. Procedural History

On September 19, 2008, Alchemist filed suit in the United States District Court for the Northern District of Illinois seeking damages for Century Jets Aviation, LLC's ("Century") breach of an Aviation Services Agreement (the "Agreement"). See Alchemist Jet Air, LLC v. Century Jets Aviation, LLC, et al., No. 08 C 5386 (N.D. Ill.) (Kendall, J.) (the "Illinois Action"). On November 14, 2008, Century and a related entity, AC Aviation Services, LLC, initiated a second action, which was assigned to this Court, for Alchemist's alleged breach of the same Agreement. See Century Jets Aviation, LLC, et al. v. Alchemist Jet Air, LLC, No. 08 Civ. 9892 (S.D.N.Y) (Leisure, J.) (the "SDNY Action").

On January 14, 2009, Alchemist filed in the Illinois Action a motion to enjoin the SDNY Action, arguing that Century's claim actually is a compulsory counterclaim that must be brought in the first-filed Illinois Action.  On January 20, 2009, Alchemist filed with this Court a motion to stay the SDNY Action pending the Northern District of Illinois's resolution of its motion to enjoin the SDNY Action in favor of the first-filed Illinois Action.  At a pre-trial conference before this Court dated February 11, 2009, the parties stipulated to administratively staying Alchemist's motion to stay the SDNY Action until the motion to enjoin was decided in the Illinois Action.

By Memorandum Opinion and Order dated June 12, 2009, the Northern District of Illinois denied Alchemist's motion to enjoin the SDNY Action.  See Alchemist Jet Air, LLC v. Century Jets Aviation, LLC, et al., No. 08 C 5386, 2009 U.S. Dist. LEXIS 49472, at *19-20 (N.D. Ill. June 12, 2009) (Kendall, J.).  On August 11, 2009, the Illinois Action was transferred to this Court as related to the SDNY Action.  On September 10, 2009, this Court accepted the transferred Illinois Action, now captioned Alchemist Jet Air, LLC v. Century Jets Aviation, LLC, et al., No. 09 Civ. 7659 (S.D.N.Y.) (Leisure, J.), as related to the SDNY Action.  Therefore, both related actions currently are pending before this Court.

## II.   The Instant Motion for Leave to Withdraw as Counsel

On November 16, 2009, E & C and G & F, counsel to Alchemist, filed a motion seeking leave to withdraw as counsel based on Alchemist's failure to pay for services rendered. (Mem. of Law in Supp. of Mot. for Leave to Withdraw as Counsel for Alchemist ("Mem.") 1.)  E & C and G & F state that Alchemist consents to the withdrawal of E & C, has had two months' notice of G & F's intent to withdraw, and will not be prejudiced by the withdrawal because both of the related cases to which Alchemist is a party are in their procedural infancy since discovery has not yet begun.  (Id. 1-3.)  The law firms contend further that requiring them to proceed as counsel will continue to place them at financial risk.  (Id. 3.)

In addition to granting leave to withdraw as counsel, E & C and G & F request that the court add the following conditions to its order:  (1) Alchemist shall retain substitute counsel within fifteen days; (2) Alchemist shall accept service by mail at its corporate headquarters in Illinois until such time as it secures substitute counsel; and (3) the parties shall commit to a firm schedule for the litigation going forward.  (Id. 4.)

## Discussion

The Court first summarizes the law governing motions for leave to withdraw as counsel and then applies it to the circumstances surrounding the instant motion.

**I. Law Governing Motions For Leave to Withdraw as Counsel**

Local Civil Rule 1.4, which governs the instant motion, provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

Local Civ. R. 1.4.  It is well-settled that non-payment of counsel fees is a proper basis for withdrawal.  See Melnick v. Press, No. 06 Civ. 6686, 2009 U.S. Dist. LEXIS 77609, at *10 (E.D.N.Y. Aug. 28, 2009) (Bianco, J.) ("[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."); Centrifugal Force, Inc. v. SoftNet Commc'n, Inc., No. 08 Civ. 5463, 2009 U.S. Dist. LEXIS 35223, at *4-5 (S.D.N.Y. Apr. 6, 2009) ("Attorneys are not required to represent clients without remuneration, and the

failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw."); HCC, Inc. v. R G & M Mach. Co., No. 96 Civ. 4920, 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998) (Leisure, J.) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."); see also N.Y. R. of Prof'l Conduct 1.16(c) ("[A] lawyer may withdraw from representing a client when: . . . the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees.").

## II. Application of the Law

In support of their motion for leave to withdraw as counsel for Alchemist, counsel of record for E & C and F & G submits declarations outlining the fee dispute giving rise to the instant motion. The declaration of William S. Gyves, Esq., counsel of record for E & C, details Mr. Gyves's efforts to obtain payment from Alchemist for legal fees over the course of several months. (Gyves Decl. ¶¶ 14-32.) Mr. Gyves states that his application for leave to withdraw is made with Alchemist's consent and, because Alchemist has advised that it is seeking to retain new counsel, Mr. Gyves has begun to forward his firm's files to Alchemist's corporate office in Illinois. (Id. ¶¶ 2, 32, 33.) Mr. Gyves also states that his firm's "withdrawal at

this juncture will result in no prejudice to Alchemist or delay in the litigation itself." (Id. ¶ 4.)

Likewise, the attorney of record for G & F, Paul H. Scheuerlein, Esq., submitted a declaration detailing his efforts to obtain payment for legal fees from Alchemist. (Scheuerlein Decl. ¶¶ 14-21.) Mr. Scheuerlein states that "[w]ithdrawal of counsel at this point in the proceedings will not have a material adverse effect on Alchemist's interests," while "[c]ontinued representation of Alchemist will result in an unreasonable financial burden on Gaido & Fintzen." (Id. ¶¶ 22-23.)

Opposing counsel for Century has no objection to the motion for leave to withdraw as counsel on the grounds of non-payment of legal fees, so long as Century is provided with a valid and binding address to serve papers and the motion for leave to withdraw extends with respect to both (1) the E & C and G & F law firms, and (2) the original SDNY Action and the now-transferred Illinois Action. (See Affirmation Consenting to Mot. by Counsel for Defs. for Leave to Withdraw 1-2.)

The Court is satisfied with both E & C's and G & F's proffered reasons for seeking leave to withdraw as counsel to Alchemist for failure to pay legal fees under Local Civil Rule 1.4. The Court agrees that Alchemist will not be prejudiced by counsel's withdrawal because the two related cases to which

7

Alchemist is a party are in their procedural infancy, given that a case management plan has not yet been submitted and discovery has not yet begun. The Court also notes that Alchemist has had sufficient notice of counsel's intention to withdraw and, with respect to E & C, has expressed its indifference to that firm's withdrawal. (Gyves Decl. ¶ 32.) Accordingly, the Court hereby grants E & C's and F & G's motion for leave to withdraw as counsel for Alchemist in the two related actions pending before this Court.

Alchemist is granted thirty (30) days from the date of this Memorandum Order to obtain substitute counsel. As the United States Supreme Court has stated, "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). Should Alchemist fail to appear represented by counsel within thirty days, it will be subject to the entry of default judgment. See HCC, Inc., 1998 WL 411313, at *1. Therefore, once retained, Alchemist's substitute counsel promptly should file a notice of appearance before this Court. Until it retains substitute counsel, Alchemist shall accept service by mail at its corporate headquarters in Illinois at the address below:

>      Alchemist Jet Air, LLC
>      15928 Applewood Court
>      Wadsworth, Illinois 60083
>      Attention: Mr. Ravinder Singh

E & C and F & G are reminded to take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to Alchemist, including, but not limited to, delivering to Alchemist all papers and property to which it is entitled. See N.Y. R. Prof'l Conduct 1.16(e).

## Conclusion

For the foregoing reasons, E & C's and G & F's motion to withdraw as counsel for Alchemist and their proposed conditions (2) and (3) are GRANTED while their proposed condition (1) is GRANTED AS AMENDED. Alchemist is granted thirty (30) days from the date of this Memorandum Order to obtain substitute counsel. Alchemist shall accept service by mail at the address listed above until such time as it secures substitute counsel. The pre-trial conference currently scheduled for December 3, 2009, 10:00 a.m., hereby is adjourned and rescheduled for January 7, 2010, 10:00 a.m., in courtroom 18B, where substitute counsel for Alchemist must be present to discuss a schedule for proceeding in this litigation. A copy of this Memorandum Order shall be served on Alchemist and all counsel of record within three (3) business days of receipt thereof.

9

SO ORDERED.

New York, New York

November 23, 2009

_____
U.S.D.J.